IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUZANNE HASTINGS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-08-3447 |
| | : | |
| BRITISH AIRWAYS, PLC | : | |

...o0o...

**MEMORANDUM**

Now pending is the defendant British Airways' motion to dismiss certain claims in the complaint filed by Suzanne M. Hastings on the basis that she failed to exhaust her administrative remedies. For the reasons that follow, the motion will be granted.

Ms. Hastings, who was terminated from her job as a part-time customer service agent with British Airways as of January 31, 2007, has filed a complaint alleging discrimination on the basis of disability, age, race, and gender, as well as retaliation for protected activity. Failure to exhaust her administrative remedies as to any of these claims requires their dismissal. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009).

The complaint Ms. Hastings filed with the EEOC on April 26, 2007 alleged only disability and retaliation (Def.'s Mem. Ex. 1). While on the intake questionnaire dated February 5, 2007 Ms. Hastings checked boxes marked "race" and "sex" as well as "disability" and "retaliation," and identified herself as "a white female disabled by a medical condition who is being discriminated, harassed, and retaliated against," (Pl.'s Opp'n Ex. A), the remaining answers in the questionnaire address only disability, FLSA, and retaliation. Clearly the EEOC interpreted this only as a claim for disability and retaliation, as evidenced by the letter dated March 21, 2007 (Pl.'s Opp'n Ex. B), the charge of discrimination prepared for Ms. Hastings'

1

signature (Def.'s Mem. Ex. 1), and, most significantly, the EEOC's letter dated September 29, 2008 explaining that the agency found no basis to support a claim of discrimination. There is no mention of race, sex, or age in these documents, indicating that the EEOC did not believe a claim of discrimination on the basis of race, sex, or age had been made, nor did they investigate such a claim. Allowing Ms. Hastings now to sue on these claims would defeat the purposes of administrative exhaustion. *Miles v. Dell*, 429 F.3d 480, 491 (4th Cir. 2005).

Further, in Count VIII Ms. Hastings seeks to assert a claim under the Privacy Act, 5 U.S.C. § 552a(b), but this statute is applicable to government agencies and not to a private entity such as British Airways.

A separate Order follows.

 October 15, 2009   
      Date

          /s/        
Catherine C. Blake  
United States District Judge